■ DAVID L. PIERCE, an Infant, by His Father and Natural Guardian GEORGE PIERCE, et al., Respondents, v. JOSEPH M. BENNETT, Appellant, et al., Defendant.— Appeal by defendant Bennett, as limited by his brief, from so much of an order of the Supreme Court, Nassau County, dated August 10, 1966, as denied his motion to preclude plaintiffs from having a certain witness testify at the trial. Order affirmed insofar as appealed from, with $20 costs and disbursements. There was no order directing an examination of the witness. Christ, Acting P. J., Rabin, Hopkins, Benjamin and Munder, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDSEL CHARLES DAVIS, Appellant.— Judgment of the Supreme Court, Queens County, dated April 20, 1966, convicting defendant of robbery in the first degree and other related crimes, upon a jury verdict, reversed, on the law, and new trial granted. The findings of fact below are affirmed. In our opinion, it was error for the prosecutor in his summation to offer his personal belief as to the truthfulness of the complainant's testimony (People v. Lovello, 1 N Y 2d 436; People v. Jackson, 7 N Y 2d 142; People v. Mantesta, 27 A D 2d 748; Berger v. United States, 295 U. S. 78, 88). With identification not in issue, it was also error to permit, on direct examination, prior identification from police photographs (People v. Mantesta, supra; People v. Chandler, 19 A D 2d 577; People v. Hagedorny, 272 App. Div. 830). In the main charge the trial court correctly instructed the jury that, under subdivision 1 of section 2124 of the Penal Law, robbery in the first degree may be committed by a person being armed with a dangerous weapon, but that the weapon (pistol) must be loaded and capable of being fired. The court also charged alternative elements of robbery in the first degree, under other subdivisions of the section, i.e., being aided by an accomplice actually present (subd. 2) and being aided by the use of an automobile (subd. 3). During the deliberations the jury returned and inquired as to what constituted first degree robbery and whether under the count of possessing a dangerous weapon the jury could assume that the weapon is workable, or whether there must be such evidence. The court then quoted subdivision 1 of section 2124 ("Being armed with a dangerous weapon") and continued, "and a gun, pistol, is considered a dangerous weapon." With respect to the "possession" count of the indictment (Penal Law, § 1897), the court properly charged that the gun had to be in working order, but then stated, "but that in no way would detract from the situation dealing with the armed robbery, one where you have the three elements that you can look for." The last part of this instruction by the court was to the effect that the gun did not have to be in working order to constitute armed robbery under subdivision 1 of section 2124 of the Penal Law. This was error (People v. King, 13 A D 2d 997; People v. Dade, 15 A D 2d 629; People v. Gordon, 19 A D 2d 828; People v. Ahmed, 27 A D 2d 729). In combination these errors may not be disregarded. Beldock, P. J., Christ, Rabin, Benjamin and Munder, JJ., concur.