■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JORGE ALBERT SARMIENTO, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered July 9, 1971, convicting him of grand larceny in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed and a new trial ordered, in the interests of justice. A review of the record of the trial reveals obvious inadequacies of defense counsel resulting in a deprivation to defendant of a fair trial. Crucial to the prosecution's case was the complainant's identification of appellant. The complainant observed a hold-up man, later identified as appellant, for only about a minute before her eyes were taped. Defense counsel nevertheless brought out on cross-examination that the complainant had picked out appellant's picture from a group of "mug" shots. Such identification would not be admissible on the prosecution's case (see People v. Christman, 23 N Y 2d 429, 433). When the prosecution sought to elicit from a police officer that the complainant had made a prior identification of appellant while he was in the Criminal Court in New York County on an unrelated charge, defense counsel failed to object (see Code Crim. Pro., § 393-b; People v. Trowbridge, 305 N. Y. 471; People v. Caserta, 19 N Y 2d 18). Defense counsel's earlier objection to such line of questioning was predicated on irrelevancy, not inadmissibility. Finally, during the prosecutor's summation, appellant was referred to as a "con man" and an "animal". While such unwarranted references may have been cured, upon defense counsel's objection and the prosecutor's prompt apology, defense counsel failed to object to, and preserve for review, the prosecutor's refutation of appellant's alibi that he was elsewhere when the holdup took place. In the prosecutor's attack on what he characterized as a "contrived" alibi, the prosecutor conveyed to the jury that it was his personal belief that appellant was a liar and his alibi false. He said, "There is no doubt in my mind that he [appellant] went to New Jersey [where appellant claimed he was when the hold-up occurred at J. F. K. Airport]. Everything in New Jersey happened, only one hour later than they [the defense] say it did or forty-five minutes later than they say it did". The above are just the more glaring indications of inadequate representation which deprived appellant of a fair trial. There were others. Since the evidence does not overwhelmingly point to guilt, we feel that the interests of justice require a new trial (People v. Kelly, 12 N Y 2d 248; Code Crim. Pro., § 527). Rabin, P. J., Latham, Shapiro, Christ and Benjamin, JJ., concur.