Memorandum. The Appellate Division order affirming defendant’s conviction, on his plea of guilty, of burglary in the third degree should be affirmed.
The trial court, in findings affirmed by the Appellate Division, was entirely warranted in concluding from the evidence adduced at the confession suppression hearing, that defendant orally received full, proper and sufficient constitutional preinterrogation advice and warnings; that he waived his rights and that the confession was voluntarily given. The printed statement on the Mount Vernon Police Department form which, in part, stated that: "We cannot ourselves furnish you a lawyer, but one will be appointed for you, if you wish, when you go to court”, standing by itself, would be considered to be deficient (Miranda v Arizona, 384 US 436). However, any *897 claimed inadequacies were overcome by the other evidence produced at the hearing.
Nor was it essential, as the defendant asserts, for the People to produce both detectives who witnessed the confession. It is not incumbent upon the prosecution "to call at trial every witness to a crime or to make a complete and detailed accounting to the defense of all law enforcement investigatory work” (People v Stridiron, 33 NY2d 287, 292). Here, as in the Stridiron case, there was no showing that the uncalled witness would have given different testimony. Indeed, the defendant knew of his identity and yet chose not to call him. A claim of denial of due process or unlawful suppression of evidence by the prosecution is unavailing (People v Stridiron, supra; see, also, People v Fein, 18 NY2d 162, 172, app dsmd 385 US 649; Moore v Illinois, 408 US 786, 795).
We have reviewed defendant’s other contentions and find them to be without merit.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed in a memorandum.