■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LESTER HENRY BUTLER, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered May 26, 1972, convicting him of grand larceny in the second degree, upon a jury verdict, and imposing a sentence of a one-year term of imprisonment. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and indictment

dismissed. In our opinion, on this record, the defendant was deprived of a fair trial. The rhetorical questions posed by the Trial Judge during the charge communicated disbelief in the defendant's innocence (see *People v Bell,* 38 NY2d 116, 122). Although the trial court marshalled the People's evidence, it did not adequately marshal the evidence in support of the defense contentions or sufficiently explain the application of the law to the facts (see *People v Miles,* 48 AD2d 706, 707). The Trial Judge's comments during the testimony of the defendant's wife, and again in his charge, indicated that he did not believe that she was telling the truth (see *Villanti v Rusakowicz,* 57 AD2d 616). The prosecutor's conduct in summation, although not objected to, contained serious errors in that he offered his personal belief as to the truthfulness of the complainant's testimony (see *People v Figueroa,* 38 AD2d 595; *People v Davis,* 29 AD2d 556), while he repeatedly referred to the defendant as a "thief", "con man" and "swindler" (see *People v Sarmiento,* 40 AD2d 562). Under the circumstances of this case, since defendant has served his sentence, the interest of justice will be accomplished by the dismissal of the indictment. The decision in *People v Allen* (39 NY2d 916) is inapposite on its facts. Martuscello, J. P., Latham, Shapiro and O'Connor, JJ., concur.