THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER E. HYDE, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered March 23, 1978, convicting him of robbery in the first degree (two counts), burglary in the second degree, and assault in the second degree, upon a jury verdict, and imposing sentence. Judgment affirmed. Although defendant argues, and the People concede, that his conviction of assault in the second degree, under the eighth count of the indictment should be reversed, and said count of the indictment dismissed as an inclusory concurrent count of burglary in the second degree, a review of the sentence minutes and the clerk's extract reveals that the eighth count of the indictment was dismissed by the trial court. The assault of which the defendant stands convicted and sentenced is charged in the ninth count of the indictment. Defendant does not argue that this count is an inclusory concurrent count of burglary in the second degree, as indeed it is not since the two counts involve different victims. Accordingly, no further action by this court is necessary. We have reviewed the remaining arguments raised by defendant, through counsel and in his *pro se* brief submitted with permission of this court, and we find them to be either without merit or not properly reviewable on this appeal because they allege errors dehors the record. Mollen, P. J., Lazer, Gibbons and Margett, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN JONES, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered May 16, 1979, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. The facts have been considered and are determined to have been established. Here, as in *People v Trowbridge* (305 NY 471, 473), "The verdict is entirely dependent upon the complainant's testimony that there was a robbery and his identification of defendant as the perpetrator of it." Thus, it was reversible error for the trial court to have refused to strike the testimony of the arresting officer as to the complainant's prior out-of-court identification of defendant. This testimony served no purpose other than to bolster the complainant's identification of defendant. (See *People v Trowbridge, supra; People v Napoletano,* 58 AD2d 83.) The violation of *Trowbridge (supra)* cannot be overlooked here since "the evidence of identity is [not] so strong that there is no serious issue upon the point". (See *People v Caserta,* 19 NY2d 18, 21; *People v Napoletano, supra,* p 91.) Damiani, J. P., Margett, O'Connor and Weinstein, JJ., concur.