■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GORDON LEE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered January 14, 1977, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. Contesting the People's accusation that defendant had acted either as the seller or the agent of the seller in a narcotics transaction, defendant testified that after one Carlos, a local dealer, refused to sell cocaine to the undercover officer, he had agreed to obtain the drugs at the officer's request. This, defendant explained, had been done essentially as a favor, although he had hoped to obtain either money or a "taste" from the officer, or perhaps an extra "play" from the seller for having purchased

the drug in quantity. The prosecutor focused upon this latter hope in summation, arguing in no uncertain terms, over defense objection, that once defendant had hoped to receive any benefit from the seller he could no longer be considered exclusively the agent of the buyer and the agency defense must fail. The trial court, in an otherwise adequate charge, supported this argument by instructing the jury, in part, that under the law an agent acts without compensation, or the expectation of compensation, from the seller. It is well settled that the issue of an accused's profit from a narcotics transaction is but one factor to be considered by the jury in evaluating an agency defense. (People v Adams, 60 AD2d 811; People v Valentine, 55 AD2d 585.) To the extent that the decisions indicate the source of the defendant's profit, however, they consistently reveal a factual pattern of profit supplied by the buyer. Herein, the defendant would be hard-pressed to successfully assert an agency defense if it were revealed that he had developed a working commission relationship with the seller. That, however, is not the fact in the case at bar and where the accused has only the tenuous, unfounded hope that in return for purchasing a drug in large quantity the seller will provide, as a bonus, additional drugs, the jury should not be precluded from considering the defense. Contrary to the direction given that expectation of profit from the seller is dispositive of the issue, the trial court should have instructed the jury that, as with any other profit, this is but one factor for its consideration. Compounding the above error was the prosecutor's ill-chosen manner of commencing closing argument in which he advised the jurors that it was only in the unlikely event there was one "nut" on the jury who might believe the "cock and bull story" presented by defense counsel that he bothered to sum up at all. We strongly condemn this patently improper manner of advocacy by which the prosecutor presents his own belief as to the lack of merit of the defense testimony. (See People v Butler, 57 AD2d 931.) In light of the closely contested issue on agency, we conclude that the combination of errors set forth, both preserved and unpreserved, requires reversal and a new trial. Damiani, J. P., Titone, Lazer and Cohalan, JJ., concur.