■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD TERRY, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Eiber, J.), rendered April 30, 1979, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, as a matter of discretion in the interest of justice, and new trial ordered. In this case, where the identity of the assailant was the crucial issue, the trial court's failure to instruct the jury with respect to the evaluation of identification evidence was reversible error. (See *People v Rodriguez,* 61 AD2d 914; *People v Gardner,* 59 AD2d 913.) This error was more egregious because of complainant's identification of defendant having been bolstered by the testimony of the arresting officer. (See *People v Trowbridge,* 305 NY 471; *People v Jones,* 75 AD2d 607.) Damiani, J. P., Gibbons, Rabin and Margett, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKY TURNER, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Hayes, J.), rendered July 30, 1980, convicting him of robbery in the first and second degrees and grand larceny in the third degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the convictions of robbery in the second degree and grand larceny in the third degree, and vacating the sentences imposed thereon, and said counts are dismissed. As so modified, judgment affirmed and case remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (subd 5). On the facts of this case, the counts of robbery in the second degree and grand larceny in the third degree are inclusory concurrent counts of robbery in the first degree (see CPL 300.30, subd 4; 300.40, subd 3, par [b]; *People v Cabrera,* 49 AD2d 856). Hence, the lesser counts should have been dismissed when the jury returned a guilty verdict on the robbery in the first degree count (see *People v Johnson,* 39 NY2d 364, 370). There was no error in the People's cross-examination of defendant's alibi witnesses with reference to their failure to come forward with exculpatory information prior to trial (see *People v Dawson,* 50 NY2d 311). Although defense counsel noted that he advised the alibi witnesses not to speak to law enforcement personnel, it cannot be said that they refrained from speaking under such advice, since they did not remember receiving such instructions (see *People v Dawson, supra,* pp 322-323). Additionally, even though the witnesses indicated a belief that their efforts to exonerate the suspect would be futile, this is not a ground for preclusion, since the defense may offer such an explanation on redirect. The trier of fact "may reasonably be expected to weigh the available information and determine for itself whether the witness' trial testimony is consistent with his prior behavior and assertions" (see *People v Dawson, supra,* p 322). We have examined the defendant's remaining contentions and have found them to be without merit. Damiani, J. P., Titone, Gibbons and Weinstein, JJ., concur.