■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MILES WHITE-HURST, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (O'Dwyer, J.), rendered March 12, 1981, convicting him of robbery in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Chetta, J.), of defendant's motion to suppress identification testimony. Judgment reversed, on the law, motion to suppress identification testimony granted, and indictment dismissed. The case is remitted to the Supreme Court, Queens County, for the purpose of entering an order, in its discretion, pursuant to CPL 160.50. A detective showed the complainant, the victim of an armed robbery, a photograph of three people, with the face of the middle person circled in red, and the complainant identified the middle person, defendant, as one of her assailants. This procedure was improper. Although there was evidence that the complainant had adequate time and opportunity to observe her assailants, her prior description of the armed assailant was so different from defendant's actual appearance that her subsequent identification of defendant should have been suppressed. The complainant had initially described the armed assailant as 14 to 15 years old and five feet, five inches tall. At the time of his arrest, one week after the incident, defendant was 20 years old and six feet tall. Since the complainant was five feet, eight and one-half inches tall, the difference between an assailant being five feet, five inches tall and six feet tall cannot be disregarded. Under such circumstances, the complainant's identification testimony should have been suppressed. In any event, the prosecutor's conduct during the course of this trial would mandate a reversal. Despite repeated admonitions by the court, he persisted in implying that the defendant had an obligation to present alibi witnesses. He questioned defendant concerning each of the people whom defendant said he was with, asking whether that person would be testifying in court. In his summation, the prosecutor also referred to those potential witnesses who did not testify, saying: "I don't want to comment about any other witnesses. You can all guess." Such statement is clearly improper (see *People v Nunez,* 74 AD2d 805). He also improperly commented on defendant's failure to inform the arresting officer about the details of his whereabouts on the evening in question (see *People v Muniz,* 40 AD2d 985). Additionally, the prosecutor improperly presented his own belief as to the truth of the testimony of defendant and his witnesses, while vouching for the truthfulness of the People's witnesses (see *People v Nunez, supra; People v Lee,* 79 AD2d 641; *People v La Cava,* 75 AD2d 997; *People v Butler,* 57 AD2d 931). Such conduct is inexcusable and would mandate a reversal of the judgment and a new trial even if the identification testimony of the complainant was admissible. Titone, J. P., Bracken, Niehoff and Boyers, JJ., concur.