■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM J. SHIPPEE, DOUGLAS S. DEYO, and HERBERT E. SHIPPEE, Appellants. — Appeals from a judgment of the County Court of Saratoga County (Brown, J.), rendered December 22, 1980, upon a verdict convicting defendants of the crime of burglary in the third degree. The three defendants were charged in an indictment with the crime of burglary in the third degree based on their alleged entering and remaining unlawfully in certain business premises with the intent to commit a crime therein. Following a jury trial, they were convicted as charged. At the trial, three witnesses testified that they saw three people at a lumberyard at the time in question and identified one or more of the defendants as the individuals involved. In addition, a Deputy Sheriff testified that a dog trained in tracking led him from the lumberyard to an apartment where the three defendants were located. An investigator with the Sheriff's department testified that he and another officer obtained an oral confession from one of the defendants but this defendant refused to sign a written confession. These were the only witnesses called by the prosecution. On this appeal, defendants' sole contention is that the trial court erroneously refused to charge that the jury could draw an unfavorable inference from the failure of the prosecution to call certain Sheriff's officers as witnesses. Although not specified in their brief on appeal, it appears that defendants are challenging in this regard the failure of the prosecution to call the officer who was also present when one of the defendants allegedly confessed to the officer who testified at trial. The uncalled witness was available to defendants and there was no showing that he would have given different testimony. Under the circumstances, we find no error in the trial court's refusal to charge that an unfavorable inference could be drawn from the failure of the prosecution to call this witness (cf. *People v Buckler,* 39 NY2d 895; *People v Stridiron,* 33 NY2d 287). The officer who was led to defendants' location by a police dog also testified that another officer was at the apartment with him. Although this other officer was not called by the prosecution, we are of the opinion that his testimony would have been merely cumulative and unsubstantial. Consequently, the requested charge was also unnecessary in regard to this officer and the trial court properly refused to give the requested charge (see *People v Gray,* 47 AD2d 674). The judgment, therefore, must be affirmed. Judgment affirmed. Sweeney, J. P., Main, Casey, Weiss and Levine, JJ., concur.