■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW MURRAY, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Balbach, J.), rendered October 9, 1981, convicting him of criminal trespass in the second degree and resisting arrest, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and the facts, indictment dismissed, and matter remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion, pursuant to CPL 160.50. Viewing the evidence in the light most favorable to the People, as we must on appeal (see, e.g., *People v Benzinger,* 36 NY2d 29, 32), we find that defendant's guilt has not been proven beyond a reasonable doubt. Titone, J. P., Thompson, Bracken and Rubin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIO McKENZIE, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Agresta, J.), rendered January 16, 1981, convicting him of attempted robbery in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. Several errors in this case deprived the defendant of a fair trial and mandate the reversal of his conviction, despite the fact that some of those errors were not preserved. In this case, the most important issue concerned the identification of the defendant. Thus, the trial court's failure to instruct the jury with respect to the evaluation of identification evidence was error (see *People v Daniels,* 88 AD2d 392; *People v Terry,* 83 AD2d 844; *People v Foti,* 83 AD2d 641; *People v Merriman,* 79 AD2d 619). Further, under the circumstances, the trial court's failure to instruct the jury on the ambiguity of evidence of flight and as to the weakness of such evidence as an indication of guilt was also error. That error was particularly prejudicial to defendant in view of the prosecutor's improper comments during summation that defendant's "flight and his actions speak louder than any testimony in this courtroom * * * It was said some two thousand years ago * * * '[t]he wicked flee when no man pursue, but the righteous stand as brave as young lions.' He fled because he knew he had just committed an attempted robbery and he had to get rid of that gun" (see *People v Baker,* 26 NY2d 169, 174; *People v Limage,* 57 AD2d 906, affd 45 NY2d 845; *People v Flores,* 75 AD2d 649). In addition, there were numerous other instances of prosecutorial misconduct. For example, during his cross-examination of defendant, the prosecutor repeatedly argued with defendant about collateral issues and made sarcastic remarks regarding defendant's testimony such as "You got away. You almost got away, didn't you?" (see *People v Higgins,* 88 AD2d 921; *People v Conner,* 69 AD2d 908). In his summation, the prosecutor also made numerous improper comments such as "What did he have, a license to commit armed robberies when you're an ex-Marine?" (see *People v Whitehurst,* 87 AD2d 896; *People v Robinson,* 83 AD2d 887; *People v Sarmiento,* 40 AD2d 562). The totality of these errors mandate reversal of the judgment appealed from and a new trial. Lazer, J. P., Gibbons, Weinstein and Boyers, JJ., concur.