■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT JONES, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Savarese, J.), rendered May 4, 1982, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

While we in no sense condone the instances of improper prosecutorial conduct referred to in the memorandum of our dissenting colleague, we are satisfied that such conduct was harmless and did not serve to deprive defendant of a fair trial (*People v Galloway,* 54 NY2d 396). Lazer, J. P., Mangano and Brown, JJ., concur.

O'Connor, J., dissents and votes to reverse the judgment and order a new trial, with the following memorandum: In this one eyewitness identification case, where the complainant had the perpetrator under observation for only a few seconds, the prosecutor's summation, which went beyond legitimate advocacy and was unduly inflammatory, in my view deprived defendant of a fair trial.

The complainant testified that at approximately 12:30 A.M. on September 7, 1980, as he drove down Merrick Boulevard in Queens, he spotted a person lying in the middle of the street. He stopped his car and went to see if he could be of assistance. As the complainant approached the individual, he discovered that it was he, not the person lying in the street, who had fallen in with robbers. Another man, alleged to be the defendant, ran out from behind a parked car and hit the complainant on the back of his head and across the front of his face with a revolver. The complainant fell and lost his eyeglasses. He felt someone go through his pockets and later discovered that approximately $110 had been stolen. The man alleged to be the defendant then fled in the complainant's car.

At trial, the complainant was absolutely certain that it was the defendant who had hit him. Nevertheless, he admitted that he had only observed the person for three seconds. It is noteworthy that a police officer who responded to the scene shortly after the robbery testified that the complainant had stated that he did not think he could identify the robbers.

Turning to the prosecutor's summation itself, the prosecutor began with a comparison of defense counsel to a "magician" who

"raise[s] your [*sic*] right hand with the wand, and everybody watches it, and your [*sic*] left hand does the magic". He then questioned whether the jury could "doubt [the complainant's] story beyond a reasonable doubt". Unable to resist what was, perhaps, a tempting allusion, he commented that, "[what] we have here — [i]t is a sad state of affairs, it's the good Samaritan story in modern times". He vouched for the complainant's credibility, stating, "[h]e was telling the truth, he has no reason to lie". He then offered his opinion that "[h]e [defendant] robbed him. He [the complainant] saw who robbed him and it was Robert Jones". Finally, the prosecutor exhorted the jury "[t]o send a message to someone that robbery is not accepted. That you cannot take someone else' [*sic*] possessions. You can't injure them, you can't do these things and get away with it".

It is fundamental that counsel, in summing up, should argue only from the evidence and should not seek to prejudice the jury by inflammatory comment (see *People v Ashwal*, 39 NY2d 105, 109-110). It is equally fundamental that a prosecutor should not present his or her own opinion as to the veracity of the witnesses (*People v Whitehurst*, 87 AD2d 896; *People v Schaaff*, 71 AD2d 630). The prosecutor's comments here went awry of both these rules. Furthermore, his statement that the jury could not doubt the complainant's story beyond a reasonable doubt tended to confuse the burden of proof, and his personal attack on defense counsel's integrity was most improper.

While objection was not made to the majority of the aforementioned remarks, their highly inflammatory and improper nature could well have led the jury to return a guilty verdict under circumstances where proof of guilt was hardly overwhelming. Hence, I would vote to reverse the judgment in the interest of justice and direct a new trial.