THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH J. PORTER, Appellant.

The denial of defendant's motion to suppress his statement, "They'll never get my prints. I was wearing gloves", and the physical evidence discovered in the van defendant was driving was proper since the police had probable cause to arrest defendant when they took him into custody and since his statement was spontaneous (*see, People v Copeland,* 39 NY2d 986; *People v Jerome,* 100 AD2d 397; *People v Bryant,* 87 AD2d 873; *affd* 59 NY2d 786). The trial court's refusal to give a missing witness charge regarding the People's failure to call Officer Kee to testify was proper inasmuch as nothing in the record indicates that Officer Kee's testimony would have been any different from that of Officer Mazziotti (*see, People v Almodovar,* 62 NY2d 126; *People v Buckler,* 39 NY2d 895; *People v Shippee,* 87 AD2d 942). It was not error for the trial court to charge the jury that defendant's recent and exclusive possession of the fruits of a burglary could justify an inference of guilt of the crimes charged (i.e., burglary), without also charging that the jury could also infer that he was merely the receiver of stolen property inasmuch as there was no evidence from which the jury might have inferred that defendant merely possessed stolen property (*see, People v Baskerville,* 60 NY2d 374; *People v Howard,* 60 NY2d 999; *People v Everett,* 10 NY2d 500). The trial court's refusal to charge the jury as to the lesser included crime of criminal trespass in the third degree was also proper inasmuch as there was no reasonable view of the evidence to support a finding that defendant committed criminal trespass but not burglary (*see, People v Glover,* 57 NY2d 61).

We have considered defendant's other claims and have found them either to be unpreserved for review or without merit. Thompson, J. P., Bracken, O'Connor and Weinstein, JJ., concur.