■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN GIBSON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Kooper, J.), rendered June 6, 1983, convicting him of attempted arson in the second degree and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

On October 26, 1982, following an argument with his paramour, defendant set fire to the door of her apartment while she was inside. At the time of the fire several other apartments in the building were also occupied.

On appeal, defendant contends that certain remarks made by the prosecutor during summation deprived him of a fair trial. While the remarks complained of would have been best left unsaid, the record does not support a finding that they deprived defendant of a fair trial *(see, People v Hopkins,* 58 NY2d 1079; *People v Lowen,* 100 AD2d 518).

Defendant also contends that the court erred in refusing to

charge the crime of arson in the fourth degree as a lesser included offense of attempted arson in the second degree. The record indicates that prior to setting the fire, defendant informed a neighbor that he intended to burn the building down. Defendant then poured a flammable liquid under the door of the apartment which he knew to be occupied, ignited it, and waited for the fire to take hold. In order to reach the conclusion that defendant committed the crime of arson in the fourth degree, it would be necessary to find that while he started the fire intentionally, he did not intend to damage the building but only acted recklessly (Penal Law § 150.05 [1]; *People v Wroblewski,* 109 AD2d 39, 43). There is no reasonable view of the evidence which would support such a conclusion.

Nor do we find merit to defendant's claim that he was intoxicated at the time of his arrest and that, as a consequence, the statement taken from him should have been suppressed. Although there was some evidence that defendant had been drinking, his videotaped statement was reviewed by the suppression court and the arresting officer testified that he found defendant to be coherent. We see no reason to disturb the suppression court's finding that the statement was voluntary.

We have considered defendant's remaining contentions, including those set forth in his *pro se* brief, and find them to be either unpreserved or without merit. Mollen, P. J., Brown, O'Connor and Lawrence, JJ., concur.