■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY BAILEY, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Zelman, J.), rendered October 5, 1981, convicting him of robbery in the first degree, robbery in the second degree, and criminal use of a firearm in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Defendant stands convicted of the robbery of a Key Food Supermarket in Queens County on October 2, 1980. When defendant entered the supermarket with two accomplices, he passed by the checkout counters, at which time a cashier recognized him as a former employee of her mother. The cashier waved to defendant and he nodded back. The cashier noticed that defendant was holding a gun. The three men then approached two store managers, Donato and Gustafson, who were standing outside their office, and forced Donato into the office at gunpoint. Donato, still at gunpoint, handed approximately $600 to the intruders.

After the trio fled the scene, the two store managers gave chase in separate cars. At one point defendant stopped running for approximately five to seven seconds and stood about six feet away from Gustafson's car before continuing his flight

and disappearing into a nearby apartment building. Later that same day, the supermarket cashier who had recognized defendant gave the investigating police defendant's name and the name of the "projects" where he lived. Twelve days after the robbery, Gustafson identified defendant in a photo array containing six or seven pictures. Donato was unable to identify any of the intruders.

On appeal, defendant contends that certain remarks made by the prosecutor during summation deprived him of a fair trial. It is noted that during the prosecutor's summation, defense counsel objected several times to the prosecutor's comments. At least five of counsel's objections were sustained and curative instructions given. The subject remarks by the prosecutor clearly exceeded the bounds of a proper summation. We strongly condemn the patently improper manner of advocacy in which the prosecutor offered his personal views on the evidence (see, People v Lee, 79 AD2d 641, 642; People v Butler, 57 AD2d 931, 932). However, in view of the overwhelming evidence of guilt and the immediate curative instructions given by the court following each of the improper remarks, we conclude that defendant was not deprived of a fair trial (see, People v Hopkins, 58 NY2d 1079; People v Wood, 66 NY2d 374; People v Lowen, 100 AD2d 518, 520; People v Gibson, 115 AD2d 559).

Defendant's remaining contention has not been preserved for review (see, People v Sharon, 105 AD2d 1161). Mollen, P. J., Mangano, Lawrence and Kooper, JJ., concur.