■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY FIELDS, Appellant. (Appeal No. 1.)—Judgment unanimously affirmed. Memorandum: In view of the trial court's full and proper initial charge to the jury and the additional instructions in response to the jurors' request for a magnifying glass, the court did not err in denying defendant's request for further instructions restating the jury's right to scrutinize the evidence. Considering defendant's extensive prior record, the court did not abuse its discretion in imposing sentence. (Appeal from judgment of Monroe County Court, Connell, J.—burglary, third degree.) Present—Dillon, P. J., Callahan, Denman, Green and Pine, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY FIELDS, Appellant. (Appeal No. 2.)—Judgment unanimously affirmed. Memorandum: There is no merit to defendant's claim that the court erred in denying his requests for a missing witness charge. It is not incumbent upon the prosecution " 'to call at trial every witness to a crime or to make a complete and detailed accounting to the defense of all law enforcement investigatory work' " (People v Buckler, 39 NY2d 895, 897). Where, as here, there was no showing that the uncalled witness would have given different testimony, there was no need for the People to call both detectives who witnessed the oral admission (see, People v Buckler, supra; People v Porter, 110 AD2d 662; People v Shippee, 87 AD2d 942). Moreover, defendant knew the identity of Detective Ruvio and chose not to call him. In addition, Officer Bevere testified as a prosecution witness and defendant did not cross-examine him on this issue. The sentence imposed is not harsh or excessive considering defendant's extensive criminal history. (Appeal from judgment of Monroe County Court, Connell, J.—burglary, second degree; criminal mischief, fourth degree.) Present—Dillon, P. J., Callahan, Denman, Green and Pine, JJ.