■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GULLERRZO RAMOS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pesce, J.), rendered April 1, 1988, convicting him of robbery in the second degree, grand larceny in the fourth degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We reject the defendant's contention that the trial court improperly denied his request for a missing witness charge. It is well established that the party seeking a missing witness charge has the burden of establishing that the uncalled witness is knowledgable about a material issue upon which evidence is already in the case, would naturally be expected to provide noncumulative testimony favorable to the party who should have called him, and is available to such party (see, *People v Dianda,* 70 NY2d 894; *People v Paulin,* 70 NY2d 685; *People v Gonzalez,* 68 NY2d 424, 427). We conclude that the defendant did not meet this burden, as he failed to demonstrate that the uncalled police witness would have offered something other than cumulative and nonmaterial testimony concerning the initial interview of the victim and the defendant's apprehension. In this regard we note that it is not incumbent upon the prosecution to "call at trial every witness to a crime or to make a complete and detailed accounting to the defense of all law enforcement investigatory work" *(People v Stridiron,* 33 NY2d 287, 292; *People v Buckler,* 39 NY2d 895, 897; *People v Fields,* 152 AD2d 958).

We have examined the defendant's remaining contentions and find that they are without merit or unpreserved for appellate review. Mangano, J. P., Thompson, Bracken and Rubin, JJ., concur.