■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTURO DEJESUS, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was charged with attempted arson in the third degree (Penal Law §§ 110.00, 150.10 [1]) and criminal mischief in the third degree (Penal Law § 145.05) for

attempting to damage a parked automobile by starting a fire therein. He was convicted, following a jury trial, of attempted arson in the third degree and criminal mischief in the fourth degree.

At a pretrial *Huntley* hearing, two police officers testified that, in the early morning hours of August 9, 1990, they received a radio report about a suspicious white male in the vicinity of a white vehicle near an intersection in the City of Buffalo. As they approached that location, they saw defendant, who was the only person around, approximately 10 feet from a parked white automobile. The officers asked defendant what he was doing in the area and where he was coming from. The information contained in the police radio report, albeit vague and ambiguous, provided the officers with an objective, credible reason, not necessarily indicative of criminality, to approach defendant to request that information *(see, People v Hollman,* 79 NY2d 181, 185; *People v De Bour,* 40 NY2d 210, 223; *People v Heston,* 152 AD2d 999, *lv denied* 76 NY2d 858, 940). Those basic, nonthreatening questions were permissible as part of a request for information *(see, People v Hollman, supra,* at 190-191). The hearing court found that the officers requested that defendant accompany them to the parked vehicle and that defendant voluntarily went with them. That finding, which is entitled to great weight *(see, People v Prochilo,* 41 NY2d 759, 761), is clearly supported by the record. As they were walking to the car, the officers observed smoke and flames inside the car. That observation provided the police with "a founded suspicion that criminal activity [was] afoot" and supported the common-law right of inquiry *(People v De Bour, supra,* at 223). Once defendant admitted starting the fire, the police clearly had probable cause to arrest him. Thus, the hearing court properly denied defendant's motion to suppress his statements to the police.

There is no merit to defendant's contention that he was denied his right to a speedy trial as a result of the delay caused by the People's inability to produce one of the officers to testify at the *Huntley* hearing. The court did not err in finding that the unavailability of that officer was due to illness and that the time was excludable as a delay occasioned by exceptional circumstances pursuant to CPL 30.30 (4) (g) (i). That finding is amply supported by the record and the time was properly excluded *(see, People v Goodman,* 41 NY2d 888; *People v Pressley,* 115 AD2d 228). We further conclude that defendant was not denied his constitutional right to a speedy trial *(see, People v Taranovich,* 37 NY2d 442). There was no

indication that the defense was impaired by reason of the delay.

We reject defendant's contention that the trial court erred in refusing to give a missing witness charge with respect to the People's failure to call one of the officers as a witness at trial. The People established that the officer was unable to appear because she was incapacitated (see, People v Gonzalez, 68 NY2d 424, 428) and also that her testimony would have been cumulative. Under the circumstances, there was no need for the People to call both officers who witnessed defendant's oral admission (see, People v Buckler, 39 NY2d 895, 897; People v Porter, 110 AD2d 662, lv denied 65 NY2d 699).

County Court properly denied defendant's request to charge attempted arson in the fourth degree as a lesser included offense of attempted arson in the third degree. There is no such crime. A person is guilty of arson in the fourth degree when he recklessly damages a building or motor vehicle by intentionally starting a fire or causing an explosion (Penal Law § 150.05 [1]). Thus, the damage must ensue from reckless conduct (see, People v Gibson, 115 AD2d 559, 560). A person is guilty of an attempt to commit a crime only when he intends to commit that crime (Penal Law § 110.00). Since the gravamen of arson in the fourth degree is reckless damage to a building or motor vehicle, defendant could not be guilty of attempting to commit that crime (see, People v McDavis, 97 AD2d 302, 303-304).

In view of defendant's prior record, the court did not abuse its discretion in imposition of the sentence. (Appeal from Judgment of Erie County Court, Rogowski, J.—Attempted Arson, 3rd Degree.) Present—Callahan, J. P., Boomer, Green, Boehm and Davis, JJ.