■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRY TATE, Appellant. [604 NYS2d 252] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Beldock, J.), rendered December 17, 1991, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court's refusal to give a missing witness charge with respect to the People's failure to call Officer Esposito to testify was proper. The People established that Officer Esposito's testimony would not have contradicted or added to that of the other witnesses, and therefore, would have been cumulative (see, People v Almodovar, 62 NY2d 126; People v Buckler, 39 NY2d 895; People v Porter, 110 AD2d 662). Mangano, P. J., Sullivan, O'Brien and Ritter, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANNY VARGAS, Appellant. [604 NYS2d 251] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lombardo, J.), rendered November 17, 1988, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claims regarding the legal sufficiency of the evidence are not preserved for appellate review (see, CPL 470.05 [2]; People v Udzinski, 146 AD2d 245, 250). In any event, viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

It was improper for the prosecutor to argue during summation that one of the People's witnesses invoked his Fifth Amendment right against self-incrimination in order to protect the defendant (see, People v Berg, 59 NY2d 294, 299; Rado v Connecticut, 607 F2d 572, 581). This error, however, was harmless given the court's charge that a witness's refusal to testify on Fifth Amendment grounds could not be considered in assessing the defendant's guilt (see, People v Berg, supra).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Sullivan, J. P., O'Brien, Ritter and Joy, JJ., concur.