■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID ALBELO, Appellant. [625 NYS2d 929] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered June 3, 1991, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The issue of the legal sufficiency of the evidence was not preserved for appellate review (see, CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

In addition, the defendant's challenges to the jury charge are not preserved for appellate review (see, CPL 470.05 [2]). In any event, the jury charge did not constitute error.

Finally, the sentence imposed was not excessive (see, People v Suitte, 90 AD2d 80). Thompson, J. P., Santucci, Joy and Friedmann, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FITZROY ALEXANDER, Appellant. [625 NYS2d 930] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gerges, J.), rendered June 15, 1993, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the trial court erred by denying his request for a missing witness charge with respect to the arresting officer's partner is without merit. The People established that the uncalled officer's testimony would have been cumulative (see, People v Gonzalez, 68 NY2d 424; People v Brown, 202 AD2d 514; People v Tate, 199 AD2d 291). Balletta, J. P., Ritter, Altman and Goldstein, JJ., concur.