The People of the State of New York, Respondent,
against
Alfred Casey, Appellant. 




New York City Legal Aid Society (Robin V. Richardson of counsel), for appellant.
Kings County District Attorney (Leonard Joblove and Joyce Slevin of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Curtis J. Farber, J.), rendered April 13, 2016. The judgment convicted defendant, after a nonjury trial, of harassment in the second degree, and imposed sentence.




ORDERED that the judgment of conviction is affirmed.
Defendant was charged in an accusatory instrument with assault in the third degree (Penal Law § 120.00 [1]), attempted assault in the third degree (Penal Law §§ 110.00, 120.00 [1]), menacing in the third degree (Penal Law § 120.15), and harassment in the second degree (Penal Law § 240.26 [1]). Immediately prior to a nonjury trial, the Criminal Court granted the People's motion to dismiss the count of assault in the third degree. 
At the trial, the complainant testified that defendant had been living in the same house as the complainant, her fiancé, and her fiancé's family for over six months. Some time during the afternoon of June 20, 2014, the complainant was sweeping the floor by the front door when defendant, while attempting to exit the premises, pushed her out of the way, causing her to fall to the floor. As a result of defendant's actions, she felt serious pain to her stomach, hip, and back. [*2]As she was eight months pregnant at the time and had previously had four miscarriages, she was emotionally distraught over her falling because she was very afraid that she could have complications and lose her baby. A former home health aide for the complainant's fiancé's grandmother testified that she was in the house at the time and, although she did not witness the incident, she heard the complainant fall, came to her assistance, and called 911 on her behalf, the recording of which was entered into evidence. At the conclusion of the People's direct case, defense counsel made an application for a missing witness charge pertaining to one of the two responding police officers and also moved for a trial order of dismissal. The court reserved decision on those applications. 
Through his own testimony, the testimony of his supervisor at work, and the admission into evidence of his punch clock timecard, defendant presented an alibi defense, asserting that he was not in the house at the time that the incident was alleged to have occurred, as he was still driving home from work at that time. After the defense rested, defense counsel renewed his prior applications. The court denied the application for a missing witness charge but granted the motion for a trial order of dismissal as it pertained to the first two counts charged, i.e., attempted assault in the third degree and menacing in the third degree. Ultimately, the court found defendant guilty of harassment in the second degree and sentenced him to a conditional discharge. 
On appeal, defendant contends that the evidence presented at trial was legally insufficient to convict him of harassment in the second degree, since the People had failed to prove his intent to harass, annoy, or alarm the complainant and to disprove his alibi defense. In any event, defendant argues, the verdict was against the weight of the evidence. Additionally, defendant contends that the court erred in refusing to draw a missing witness inference against the People when the responding officer, who had interviewed the complainant at length soon after the alleged incident and had assisted her with obtaining medical assistance, was not called as a witness at trial, despite the fact that he was under their control.
We find defendant's preserved challenges to the legal sufficiency of the evidence (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]; People v Gray, 86 NY2d 10, 19 [1995]) to be without merit (see People v Aikey, 153 AD3d 1603 [2017]; People v Kramer, 50 Misc 3d 27 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; People v Torres, 41 Misc 3d 134[A], 2013 NY Slip Op 51877[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2013]; People v Leonard, 12 Misc 3d 135[A], 2006 NY Slip Op 51203[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2006]). It is well established that a factfinder may infer that a defendant intended the natural and probable consequences of his or her actions (see People v Bueno, 18 NY3d 160, 169 [2011]; People v Steinberg, 79 NY2d 673, 685 [1992]; People v Getch, 50 NY2d 456, 465 [1980]; People v Roman, 13 AD3d 1115 [2004]) and may infer intent from a defendant's conduct and the surrounding circumstances (see People v Bracey, 41 NY2d 296, 301 [1977]; People v Mahoney, 6 AD3d 1104 [2004]; People v Bonsu, 290 AD2d 251 [2002]; People v McGee, 204 AD2d 353 [1994]; People v Strong, 179 Misc 2d 809 [App Term, 2d Dept, 9th & 10th Jud Dists 1999]). Here, viewing the evidence in the light most favorable to the People (see People v [*3]Contes, 60 NY2d 620 [1983]), defendant's intent to harass, annoy or alarm the complainant, as required pursuant to Penal Law § 240.26 (1) to convict him of harassment in the second degree, can readily be inferred from defendant's act itself in pushing a pregnant woman to the floor, the natural and probable consequence of which is that she would be alarmed. Additionally, defendant's intent can be inferred from his conduct before he pushed the complainant and the surrounding circumstances, as the record reveals that there had been an ongoing dispute between defendant and the complainant's fiancé with regard to the payment of rent. Even were we to take the complainant's testimony at face value, that defendant was trying to move her out of the way so that he could exit the house, this still would not legitimize his action of subjecting the complainant to such forceful physical contact.
Although defendant presented an alibi defense that he was not home at the time of the alleged incident, which was corroborated by a witness, this merely served to raise an issue of credibility, which the court resolved in favor of the prosecution (see People v Wells, 272 AD2d 562 [2000]; People v Terrill, 265 AD2d 587 [1999]; People v Alston, 243 AD2d 573 [1997]; People v Coleman, 225 AD2d 705 [1996]; People v Dennis, 223 AD2d 599 [1996]; Leonard, 12 Misc 3d 135[A], 2006 NY Slip Op 51203[U]; People v Barbu, 1 Misc 3d 126[A], 2003 NY Slip Op 51532[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2003]). The alibi defense was heavily reliant on defendant's punch clock timecard; however, on cross-examination, during the prosecutor's questioning of defendant's employer on the veracity of this timecard, the employer admitted that it was a common occurrence for employees to forget to punch out from work and that other people "routinely" punch out for them. Consequently, upon the exercise of our factual review power, we are satisfied that the People disproved the alibi defense beyond a reasonable doubt (see Penal Law § 25.00 [1]) and that the verdict was not against the weight of the evidence (see CPL 470.15 [5]; People v Tomasulo, 40 Misc 3d 142[A], 2013 NY Slip Op 51509[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2013]; Leonard, 12 Misc 3d 135[A], 2006 NY Slip Op 51203[U]; Barbu, 1 Misc 3d 126[A], 2003 NY Slip Op 51532[U]). 
A missing witness charge, which allows the factfinder "to draw an unfavorable inference based on a party's failure to call a witness who would normally be expected to support that party's version of events" (People v Savinon, 100 NY2d 192, 196 [2003]), is appropriate when, upon a prompt request by the proponent, three conditions are met: (1) the witness's knowledge is material to the trial; (2) the witness is expected to give noncumulative testimony favorable to the party against whom the charge is sought; and (3) the witness is available to that party (see People v Smith, 33 NY3d 454, 458 [2019]; Savinon, 100 NY2d at 197; People v Gonzalez, 68 NY2d 424, 427 [1986]). "Testimony is properly precluded as cumulative when it would neither contradict nor add to that of other witnesses" (Segota v Tishman Constr. Corp. of NY, 131 AD3d 851, 853 [2015], citing People v Brown, 57 AD3d 238, 239 [2008]; see also People v Macana, 84 NY2d 173, 180 [1994]; People v Corger, 63 Misc 3d 136[A], 2019 NY Slip Op 50495[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]). Moreover, the People need not "call . . . every witness to a crime or . . . make a complete and detailed accounting to the defense of all law enforcement investigatory work" (People v Buckler, 39 NY2d 895, 897 [1976] [internal quotation marks omitted]; see also People v Watts, 58 AD3d 647 [2009]; People v Noel, 61 Misc [*4]3d 129[A], 2018 NY Slip Op 51393[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]). Here, while it is uncontested that defendant's request for a missing witness charge was timely (cf. Noel, 61 Misc 3d 129[A], 2018 NY Slip Op 51393[U]), defendant failed to demonstrate that the missing witness had material testimony to offer that would not have been cumulative to that of the former home health aide, who also was not an eye witness to the incident but a witness to the complainant's condition immediately thereafter (see generally People v Edwards, 14 NY3d 733 [2010]; People v Keen, 94 NY2d 533, 539 [2000]; People v Gonzalez, 68 NY2d 424; People v Rosas, 58 Misc 3d 160[A], 2018 NY Slip Op 50286[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]). The record reveals that the aide, unlike the responding police officer, was in the house at the time the incident occurred, she was the first person to come to help the complainant, and she called 911 on the complainant's behalf immediately after the incident had occurred. Thus, defendant offers no argument, on the facts or law, that would render the trial court's determination to reject a missing witness charge an improvident exercise of discretion, as there is nothing in the record to suggest that the missing witness possessed information about the incident that would have so materially added to or contradicted the testimony of the People's witnesses as to render it noncumulative (see People v Almodovar, 62 NY2d 126, 133 [1984]; People v Olson, 162 AD3d 1249 [2018]). We note that, not only did defendant have the opportunity to call the officer as his witness and chose not to do so (see People v Buckler, 39 NY2d 895, 897 [1976]), but the record demonstrates that, during summation, defense counsel commented on the fact that the People had failed to call the responding officer as a witness.
Accordingly, the judgment of conviction is affirmed.
PESCE, P.J., WESTON and ALIOTTA, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 01, 2019