People v Oleary (2022 NY Slip Op 50294(U))

[*1]

People v Oleary (Ian)

2022 NY Slip Op 50294(U) [74 Misc 3d 136(A)]

Decided on April 1, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 1, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2019-595 Q CR

The People of the State of New York,
Respondent,
against
Ian Oleary, Appellant. 

Appellate Advocates (Chelsea Lopez of counsel), for appellant.
Queens County District Attorney (Johnnette Traill, Ellen C. Abbot and Jessica Coalter of
counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County
(Jerry M. Iannece, J.), rendered February 28, 2019. The judgment convicted defendant, upon a
jury verdict, of obstructing governmental administration in the second degree and resisting arrest,
and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Following a jury trial, defendant was convicted of obstructing governmental administration
in the second degree (Penal Law § 195.05) and resisting arrest (Penal Law § 205.30).
On appeal, defendant contends that the Criminal Court erred when it denied his counsel's
challenges to two prospective jurors for cause and when it denied his counsel's request for a
missing witness charge pertaining to the emergency medical technicians (EMTs) who were
present during a portion of the subject incident. 
The record demonstrates that, when the court denied defendant's challenges for cause to
excuse two prospective jurors, defense counsel exercised peremptory challenges to those two
prospective jurors and, subsequently, exhausted his peremptory challenges before the completion
of jury selection. Consequently, defendant's claims pertaining to those two prospective jurors are
preserved for appellate review (see CPL 270.20 [2]; 360.25 [2]). 
"A challenge for cause is an objection to a prospective member of the jury and may be made
only on the ground that . . . [the prospective juror] has a state of mind that is likely to preclude
[the juror] from rendering an impartial verdict based upon the evidence adduced at the [*2]trial" (CPL 360.25 [1] [b]). However, a prospective juror with a
purported actual bias need not be discharged if that juror can provide the trial court with an
"unequivocal assurance" that he or she can be fair and impartial by setting aside any bias and
render an impartial verdict based on the evidence (People v Patterson, 34 NY3d 1112, 1113 [2019], quoting People v Wright, 30 NY3d 933,
944 [2017]; see People v Johnson,
17 NY3d 752 [2011]; People v Johnson, 94 NY2d 600, 614 [2000]; People v
Branch, 46 NY2d 645, 651 [1979]). What constitutes an unequivocal assurance will often
rest on the totality and context of the prospective juror's statements and the trial court's
evaluation of those statements and of the credibility of the juror (see People v Warrington, 28 NY3d
1116, 1120 [2016]; Johnson, 94 NY2d at 615; People v Torpey, 63 NY2d
361, 368 [1984]; People v Blyden, 55 NY2d 73, 78 [1982]). Once a prospective juror
gives that unequivocal assurance, "the trial court has discretion to deny the challenge for cause if
it determines that the juror's promise to be impartial is credible" (People v Arnold, 96
NY2d 358, 363 [2001]; see People v Williams, 63 NY2d 882, 884-885 [1984]).
Viewing the complained-of statements of the two prospective jurors challenged for cause in
context and as a whole, we find that neither of them expressed actual bias (see Patterson,
34 NY3d at 1113; Warrington, 28 NY3d at 1120; Arnold, 96 NY2d at 363;
Johnson, 94 NY2d at 615). Rather, in response to direct questions from defense counsel,
they gave general opinions, shared by other potential jurors on the panel, which did not contradict
their prior affirmations of impartiality to the court nor implicate their abilities to discharge their
responsibilities as jurors. Moreover, the totality of their statements revealed that they could
follow the court's instructions and be fair and impartial (see People v Shulman, 6 NY3d 1, 28 [2005]; People v
Chambers, 97 NY2d 417, 419 [2002]; Arnold, 96 NY2d at 363; Blyden, 55
NY2d at 78). While the better procedure would have been to do follow-up questioning of those
jurors, under the particular circumstances presented, we find no error here (see People v Moses, 177 AD3d
619, 622-623 [2019]).
The proponent of a missing witness charge, which allows the factfinder "to draw an
unfavorable inference based on a party's failure to call a witness who would normally be
expected to support that party's version of events" (People v Savinon, 100 NY2d 192, 196
[2003]), must demonstrate, upon a prompt request for the charge: (1) that there is an uncalled
witness believed to be knowledgeable about a material issue pending in the case, (2) that such
witness can be expected to testify favorably to the opposing party, and (3) that such party has
failed to call the witness to testify (see
People v Smith, 33 NY3d 454, 458-459 [2019]; People v Gonzalez, 68 NY2d
424, 427 [1986]). We find that defendant, as the proponent of a missing witness charge
pertaining to the EMTs who were not called by the People to testify at trial, met his initial
burden. 
The People were then required to rebut that showing by establishing why the charge was
inappropriate (see Smith, 33 NY3d at 460), which they did by demonstrating, among
other things, that the testimony would have been cumulative to that of the four police officers
who were eyewitnesses to the incident and present on the scene before the EMTs arrived (see
Smith, 33 NY3d at 459; People v
Edwards, 14 NY3d 733 [2010]; People v Keen, 94 NY2d 533, 539 [*3][2000]; Gonzalez, 68 NY2d at 428; People v Rosas, 58 Misc 3d
160[A], 2018 NY Slip Op 50286[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2018]). Testimony is properly precluded as cumulative when it would neither contradict nor add
to that of other witnesses (see People v Macana, 84 NY2d 173, 180 [1994]; People v
Corger, 63 Misc 3d 136[A], 2019 NY Slip Op 50495[U] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2019]). Moreover, the People need not "call . . . every witness to a crime
or . . . make a complete and detailed accounting to the defense of all law enforcement
investigatory work" (People v Buckler, 39 NY2d 895, 897 [1976] [internal quotation
marks omitted]; see also People v
Watts, 58 AD3d 647 [2009]; People v Noel, 61 Misc 3d 129[A], 2018 NY Slip Op 51393[U]
[App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]).
If the party opposing the charge meets its burden by rebutting the prima facie showing, the
proponent retains the ultimate burden to show that the charge would be appropriate (see
Smith, 33 NY3d at 459; Gonzalez, 68 NY2d at 427; Savinon, 100 NY2d at
197). Contrary to defendant's contention, the officers' testimony was generally consistent and any
differences in their testimony can best be explained by their different vantage points. Moreover,
we find that there is nothing in the record to suggest that the missing witnesses possessed
information about the incident that would have so materially added to or contradicted the
testimony of the People's witnesses as to render it noncumulative (see People v
Almodovar, 62 NY2d 126, 133 [1984]; People v Olson, 162 AD3d 1249 [2018]). Consequently, the
Criminal Court properly denied the missing witness charge (see Smith, 33 NY3d at 458
[finding that a missing witness charge is appropriate when three conditions are met: (1) the
witness's knowledge must be material to the trial, (2) the witness must be expected to give
noncumulative testimony favorable to the party against whom the charge is sought, and (3) the
witness must be available to that party]; Savinon, 100 NY2d at 197). We note that not
only did defendant have the opportunity to call the EMTs as his witnesses and chose not to do so
(see Buckler, 39 NY2d at 897), but the record demonstrates that, during summation,
defense counsel commented on the fact that the People had failed to call them.
Accordingly, the judgment of conviction is affirmed.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 1, 2022