THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

KEVIN ANDERSON, Appellant.—Judgment unanimously reversed, on the law, and new trial granted. Memorandum: Defendant's conviction for violation of Penal Law § 220.39 (1) arises out of the sale of heroin to an undercover police officer outside a bar in the City of Rochester on December 27, 1976. The alleged sale was arranged by a paid police informant who did not testify at trial. Defendant testified in his own defense and raised the defense of agency. On appeal, defendant contends, *inter alia,* that the court's refusal to give an unfavorable inference charge with respect to the nontestifying informant constituted reversible error. We agree.

Five police officers testified for the People: the undercover officer who purchased the heroin from defendant; an officer who surveilled the scene; two officers who preserved the evidence; and a police forensic chemist. Two witnesses and defendant testified in support of his agency defense. Following the close of testimony, defense counsel requested that the jury be given an adverse inference charge with respect to the prosecutor's failure to call the informant as a witness at trial. The People objected claiming that there was no showing that the informant was under their exclusive control and maintained that since his identity was known to the defense, he could subpoena him to testify if he chose to do so. The court declined to give an unfavorable inference charge. During its deliberation, the jury sent the court a note, asking, *inter alia,* "Can the District Attorney answer why [the informant] was not called as a witness". The court responded: "As far as your question is concerned about the calling of [the informant], I can only say to you that your deliberations must be based upon the record that you have and again repeat not to speculate. Just don't speculate on what any person might have testified to that wasn't called here. You have the record of the witnesses that testified and that's all we have to work with." After further deliberations, the jury returned a verdict of guilty.

A review of the record reveals that the informant was paid $100 by the police officers for his services in arranging the drug buy. The People also admitted that at the time of defendant's trial, the informant was out on bail on a pending indictment. The People have control of a witness when the witness is an informant under indictment (*People v Taylor,* 98 Misc 2d 163, 165). We have previously held "[w]hen the People have under their control an informant who has played a major role in a defendant's arrest but fail to call the informant as a witness at trial, the defendant is entitled to have

the jurors charged that they may draw an unfavorable inference from this fact, regardless of whether the defendant theoretically had access to the informant" (*People v Dillard,* 96 AD2d 112, 112-113). The informant certainly played a key role in arranging this sale and was present when the transaction took place. Since the issue narrowed to a question of credibility between the undercover officer's version of what happened during the transfer of the drugs and the defendant's claim of agency, the informant clearly could have shed light on this crucial issue. The jury had the right to consider whether the failure to call the informant was because his testimony would not be favorable to the People. Viewing the record as a whole, it is conceivable that if the jury were properly instructed as to the inferences it might draw from the People's failure to call the informant, a contrary verdict might have resulted. The error, therefore, is not harmless and requires reversal and a new trial (*see, People v Douglas,* 54 AD2d 515). (Appeal from judgment of Monroe County Court, Bergin, J.—criminal sale of controlled substance, third degree.) Present—Callahan, J. P., Boomer, O'Donnell, Pine and Schnepp, JJ.