THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DIANE WILLIAMS, Appellant.

The defendant's contention that the People failed to disprove her justification defense beyond a reasonable doubt is without merit. The evidence, when viewed in the light most favorable to the People *(see, People v Kennedy,* 47 NY2d 196, 203, *rearg dismissed* 48 NY2d 635, 656), was legally sufficient to establish that the defendant stabbed to death an unarmed man in his apartment *(see, People v Licitra,* 47 NY2d 554, 558-559; *People v Ross,* 122 AD2d 538, *lv denied* 68 NY2d 816). Although the defendant testified that the victim brandished a knife at her, the People's witness testified that the victim's knife remained in the bedroom when he left his bed to ask the defendant to leave the apartment. Instead of leaving, the defendant stabbed the victim. The issue of justification came down to a question of credibility, which the jury resolved against the defendant. The jury's determination of credibility should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

We reject the defendant's contention that she was deprived

of a fair trial because the prosecutor commented during summation about the defendant's failure to produce her cousin as a witness. The defendant told the jury in her opening statement that she had acted in self-defense and that her cousin would testify to her condition immediately after the stabbing. The defendant's justification defense rested on her testimony that the deceased was the initial aggressor. She testified that he burned her on the foot with a cigarette, hit her in the eye producing a bloodspot, and cut her hand with his knife. Her testimony established that she fled to her cousin's home immediately after the stabbing and that her cousin had the opportunity to view these injuries moments after they were inflicted. Because the defendant herself came forward with affirmative evidence of a justification defense, her failure to call her cousin, who was available and who, it may be inferred, had material information favorable to the defendant which would not be trivial or cumulative, was properly brought to the jury's attention (see, People v De Jesus, 42 NY2d 519, 525; People v Rodriguez, 38 NY2d 95; People v Whitmore, 123 AD2d 336, lv denied 68 NY2d 919; People v Shaw, 112 AD2d 958).

We have reviewed the defendant's additional contentions and find them to be unpreserved for appellate review or without merit. Thompson, J. P., Lawrence, Eiber and Balletta, JJ., concur.