■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PABLO CASSADO, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RENE RODRIGUEZ, Appellant.—Judgments, Supreme Court, New York County (Murray Mogel, J.), rendered on August 20, 1987, convicting defendants of second degree murder and sentencing them to prison terms of 25 years to life, are unanimously affirmed.

The evidence adduced at trial sufficiently established defendants' guilt of second degree murder charges, stemming from a contract killing of a drug dealer.

Defendants' claim that the court's decision to allow the first four sworn jurors to absent themselves from the remaining voir dire without obtaining their consent, in violation of CPL 270.15 (3), deprived them of a fair trial is without merit.* Although the statute is intended to preserve "whatever value a litigant might feel is derived from having the sworn jurors" (Preiser, 1985 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 11A [1989 Pocket Part], CPL 270.15, at 199), we do not believe a violation thereof constitutes per se reversible error. Defendants can point to no real prejudice sustained by them through the absence of the sworn jurors. Therefore, error, if any, was harmless *(People v Crimmins,* 36 NY2d 230 [1975]).

Further, the trial court did not abuse its discretion in denying defendants' requests for an adjournment of trial *(see, People v Spears,* 64 NY2d 698 [1984]), in view of their unsubstantiated allegations of chronic food and sleep deprivation as a result of daily transport to Rikers Island during the trial proceedings.

We have considered defendants' remaining arguments and

---

* Contrary to the People's contention, this claim was preserved for appellate review as a matter of law *(People v Kilpatrick,* 143 AD2d 1, 2 [1st Dept 1988]).

find them to be without merit. Concur—Sullivan, J. P., Ross, Carro, Milonas and Ellerin, JJ.