■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORMAN DILLON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lombardo, J.), rendered July 9, 1987, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We reject the defendant's contention that the trial court erred in giving the jury a missing witness charge concerning his failure to produce his cousin as a witness. The defendant's justification defense rested on his testimony that the deceased was the initial aggressor. During cross-examination of the defendant, he testified that his cousin was with him the night of the crime and observed the entire incident. The two of them came to court together that day and the defendant stated that his cousin was waiting outside the courtroom. Because the defendant himself came forward with affirmative evidence of a justification defense, his failure to call his cousin, who was available and who he claimed had material information favorable to the defendant which would not be trivial or cumulative, was properly brought to the jury's attention (see, People v Rodriguez, 38 NY2d 95; see also, People v Williams, 140 AD2d 570). The defendant's argument that the missing witness charge was improper in light of the fact that the defense counsel did not call the cousin as witness for fear that his credibility would be impeached due to his outstanding warrants, arrests and convictions is without merit.

A fair reading of the minutes of the Sandoval hearing (see, People v Sandoval, 34 NY2d 371) makes clear that the trial court ruled that the prosecutor could ask the defendant on cross-examination if he had pleaded guilty to disorderly conduct and if that incident involved the defendant's "close proximity to seventeen packets of cocaine". The record indicates that the prosecutor did not exceed these boundaries (cf.,

*People v Powe,* 146 AD2d 718). Further, the defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80). Thompson, J. P., Bracken, Eiber and Balletta, JJ., concur.