■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEARY GAYLE, True Name LARRY GAYLE, Appellant.—Judgment of the Supreme Court, Bronx County (Elbert C. Hinkson, J.), rendered November 17, 1987, convicting defendant, after jury trial, of two counts of murder in the second degree and of attempted robbery in the first degree and sentencing him to two indeterminate terms of imprisonment of from 20 years to life for the murder counts and from 4 to 12 years for the attempted robbery count, all terms to run concurrently, unanimously affirmed.

The claim that the trial court's denial of the defense request for a missing witness charge at the close of defendant's case deprived him of his due process right to a fair trial was not raised below and is therefore unpreserved for appellate review

(see, *People v Thomas,* 50 NY2d 467, 473). The request was untimely in that it was made after the defense case, and thereby deprived the prosecution of the opportunity to tailor its trial strategy, under the particular facts of this case, to avoid " 'substantial possibilities of surprise' " *(People v Gonzalez,* 68 NY2d 424, 428).

At trial, a prosecution witness indicated that the uncalled witness to the shooting, who is a cousin of the decedent, had knowledge of the material issues in this case and could be expected to testify favorably to the prosecution *(see, People v Gonzalez, supra,* at 430). The People, while arguing that the whereabouts of the witness were unknown, failed to demonstrate that a diligent effort was made to locate him. Furthermore, the People's argument, advanced for the first time on this appeal, that his testimony would be cumulative is unpreserved for our review *(People v Gonzalez, supra,* at 430). Nevertheless, any error in failing to deliver a missing witness charge must be considered harmless beyond a reasonable doubt in view of the overwhelming evidence of defendant's guilt provided by the uncontroverted testimony of two prosecution witnesses who were present in the apartment at the time of the attempted robbery and shooting *(People v Walker,* 105 AD2d 720). Concur—Kupferman, J. P., Carro, Milonas, Ellerin and Rubin, JJ.