■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK SIMMONS, Appellant.—Judgment, Supreme Court, New York County (Harold Rothwax, J., at *Wade* hearing; Shirley Levittan, J., at trial and sentence), rendered March 21, 1990, convicting defendant, after a nonjury trial, of robbery in the third degree, and sentencing him, as a predicate

felon, to an indeterminate prison term of from 2 to 4 years, unanimously affirmed.

On the evening of June 7, 1989, defendant robbed the complainant in an elevator in the complainant's building. The complainant did not report the crime to the police, but gave neighbors a general description of the man who robbed her. Three days after the crime, a neighbor coaxed defendant to the complainant's apartment where she identified him as her assailant. Defendant and his cousin testified that defendant was at his cousin's apartment watching television on the night of the crime.

Viewing the evidence in a light most favorable to the People *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), there clearly is a "valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by" the trier of fact *(People v Bleakley,* 69 NY2d 490, 495). While the complainant's testimony was not entirely consistent and conflicted, in some respects, with the testimony of other People's witnesses, we adhere to the well-settled proposition that the trier of facts is in the best position to determine credibility *(People v Cesar,* 111 AD2d 707, 710, *appeal dismissed sub nom. People v Martinez,* 67 NY2d 752). In any case, there was a sound basis in the record for the trial court's conclusion that the complainant's identification of defendant was reliable and the court's rejection of defendant's alibi defense as incredible *(see, People v Cobbs,* 161 AD2d 723, *lv denied* 76 NY2d 854). Concur—Sullivan, J. P., Rosenberger, Wallach, Kupferman and Rubin, JJ.