■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN GLADDEN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Beldock, J.), rendered June 7, 1990, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a hypodermic instrument, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

The defendant contends that he was deprived of a fair trial by the Supreme Court's refusal to charge that an uncalled police officer, who witnessed the alleged drug sale, was a missing witness. We agree. A party seeking a missing witness charge has the initial burden of establishing that "there is an uncalled witness believed to be knowledgeable about a material issue pending in the case, and that such witness can be expected to testify favorably to the opposing party and that such party has failed to call him" *(People v Gonzalez,* 68 NY2d 424, 427; *see also, People v Kitching,* 78 NY2d 532; *People v Erts,* 73 NY2d 872). Once the party seeking the charge has met this initial burden, "it becomes incumbent upon the opposing party, in order to defeat the request to charge, to account for the witness' absence or otherwise demonstrate

that the charge would not be appropriate" *(People v Gonzalez, supra,* at 428).

At bar, the defendant established his entitlement to a missing witness charge by demonstrating, among other things, that the uncalled officer would have provided testimony concerning the location of the officers' observation post, and their ability to view the corner on which the sale allegedly occurred, which were material issues at trial. Moreover, although the People urge that the uncalled officer was "unavailable" to testify, the prosecutor's bare assertion that he had been told that the officer was on vacation was insufficient to demonstrate that the witness was beyond the power of the People to produce or otherwise unavailable due to illness or incapacity *(see, People v Vasquez,* 76 NY2d 722, 724; *People v Gonzalez, supra,* at 428). In this regard, we note that the record discloses that the prosecutor made no apparent effort to determine the uncalled officer's whereabouts or the date of his expected return. Accordingly, the Supreme Court erred in denying the defendant's request for a missing witness charge, and in view of the inconsistent testimony given by the prosecution's sole witness to the sale, we cannot find that this error was harmless *(see, People v Crimmins,* 36 NY2d 230).

In light of our determination, we need not address the defendant's remaining contention. Bracken, J. P., Harwood, Eiber and O'Brien, JJ., concur.