■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE ROBERTS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rappaport, J.), rendered July 31, 1990, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. The facts have been considered and determined to have been established.

After speaking to an anonymous individual, a police officer observed the defendant drop a paper bag on a sidewalk. After frisking the defendant, the officer retrieved the bag which contained a loaded handgun. There were eight other officers on the scene, but none of them were called to testify. The

defense presented two witnesses who claimed that the defendant had nothing in his hands and that the police searched the area for 10 to 15 minutes before finding the bag between a car and a van in the street. The defendant contends he was entitled to a missing witness charge. We agree.

In order to establish entitlement to a missing witness charge, a party must make a prima facie showing that the uncalled witness was knowledgeable about a material issue pending in the case, that the witness could be expected to provide testimony favorable to the party who has not called him, and that the witness is available to that party (see, People v Kitching, 78 NY2d 532, 536; People v Gonzalez, 68 NY2d 424, 427). Once the party seeking the charge has made a prima facie showing, it becomes incumbent upon the opposing party, in order to defeat the request to charge, to account for the witness's absence or otherwise demonstrate that the charge would not be appropriate. This burden can be met by demonstrating that the witness is not knowledgeable about the issue, that the testimony would be cumulative, or that the witness is unavailable (see, People v Gonzalez, 68 NY2d 424, 428, supra).

In this case, it is clear that the two officers who arrived on the scene with the arresting officer in the same automobile may have been in a position to either see the defendant drop the bag or to see its retrieval (see, People v Kitching, 78 NY2d 532, 537-538, supra). In addition, those law enforcement officers could be expected to testify favorably for the People (see, People v Gonzalez, 68 NY2d 424, 429-430, supra).

The People failed to establish that the testimony of these two officers would be cumulative. The People's case depended solely on the testimony of the arresting officer. Two defense witnesses directly contradicted his testimony. Therefore, since the other officers presumably were eyewitnesses to the events, the testimony of these officers would not necessarily be cumulative or trivial (see, People v Brown, 34 NY2d 658, 660).

The People also argue that the witnesses were unavailable because they were unable to identify the other officers on duty that evening. However, the People must make a diligent effort to locate the witnesses (see, People v Gonzalez, 68 NY2d 424, 428, supra). A general claim that certain precincts were contacted, without more information, cannot be deemed a diligent effort.

It cannot be said that this charge error was harmless. The evidence against the defendant consisted solely of the testi-

mony of one police officer, which was contradicted by two defense witnesses. Therefore, the evidence of the defendant's guilt was not overwhelming.

The defendant's other contentions are without merit. Bracken, J. P., Lawrence, O'Brien and Santucci, JJ., concur.