■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY BRISTOL, Appellant.—Judgment, Supreme Court, New York County (Nicholas Figueroa, J.), rendered July 10, 1991, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree, and sentencing him, as a predicate felon, to an indeterminate term of imprisonment of from 4¾ to 9½ years, and 6 months, respectively, to be served concurrently, unanimously affirmed.

The evidence, viewed in the light most favorable to the People, is legally sufficient to support the verdict of guilty herein *(see, People v Contes,* 60 NY2d 620, 621), and giving due deference to the jury's resolution of issues regarding credibility, the verdict was supported by the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490). The existence of an inconsistency between the police officer's testimony before the Grand Jury and at trial does not compel the conclusion that the testimony was not credible *(see, People v Simmons,* 176 AD2d 189, 190, *lv denied* 79 NY2d 864), especially where the officer gave a credible explanation for the inconsistency, and only one version of defendant's role in the physical exchange of the drugs was given at trial.

Finally, in assessing the jury charge as a whole *(see, People v Adams,* 69 NY2d 805), the court properly expressed to the jury that credibility was an issue, and that inconsistencies bear on credibility. The court is not "required to explain all the contentions of the parties or outline all the inconsistencies in the evidence" *(People v Saunders,* 64 NY2d 665, 667). Because of the short length and uncomplicated nature of the trial, any additional instructions on inconsistent statements were not necessary *(see, People v Adames,* 168 AD2d 623, 624, *lv denied* 77 NY2d 957). Concur—Milonas, J. P., Ellerin, Ross and Asch, JJ.