■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERTO KNIGHT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Jones, J.), rendered April 1, 1991, convicting him of criminal sale of a controlled substance in the third degree (four counts) and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On appeal, the defendant contends that reversible error occurred when the Supreme Court refused to issue a missing witness charge with respect to a police officer who was not called as a witness. We disagree. The defendant failed to make a prima facie showing that the uncalled officer was in a position to have knowledge about a material issue, or to have observed the drug sales disputed by the defendant *(cf., People v Kitching,* 78 NY2d 532, 537; *People v Erts,* 73 NY2d 872; *People v Gladden,* 180 AD2d 747, 748). Here, the uncalled officer was assigned to make sure that no one approached from behind. The observing officer testified that he viewed the drug sales on the street from the rooftop of a nearby building. The record indicated that the uncalled officer's focus was in a direction opposite of the drug sales. Moreover, unlike the observing officer, the uncalled officer was not equipped with a pair of binoculars for this assignment. Under these circumstances, we find that the trial court's refusal to issue a missing witness charge with regard to the uncalled officer was proper *(cf., People v Kitching, supra; People v Erts, supra; People v Gladden, supra).* Mangano, P. J., Thompson, Eiber and Ritter, JJ., concur.