■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PABLO RODRIGUEZ, Appellant. [603 NYS2d 123] —Judgment, Supreme Court, New York County (Ira Beal, J.), rendered February 26, 1991, convicting defendant, after a jury trial, of conspiracy in the second degree, criminal sale of a controlled substance in the first degree and criminal sale of a controlled substance in the third degree, and sentencing him to concurrent terms of 4½ years to 9 years, 15 years to life, and 4½ to 9 years, respectively, unanimously affirmed.

Defendant requested a missing witness charge with respect to two confidential informants, whose testimony, he now claims, would have been critical to his defense of agency. However, this position was not advanced before the trial court, and is unpreserved for review as a matter of law (see, People v Gayle, 162 AD2d 261, lv denied 76 NY2d 857). The requested charge was properly denied, on the basis sought, i.e., regarding the cost of the January 21st purchase, since as to that issue it was merely cumulative. Concur—Sullivan, J. P., Rosenberger, Ellerin and Wallach, JJ.

■ JASON BATES, Respondent, v PRINTMAKER INTERNATIONAL, LTD., Appellant, et al., Defendant. [604 NYS2d 720] — Judgment, Supreme Court, New York County (Walter M. Schackman, J.), entered October 28, 1992, which granted plaintiff's motion for partial summary judgment against defendant-appellant in the amount of $163,046.84 plus interest from July 1, 1986, together with costs and disbursements, unanimously affirmed, without costs.

Contrary to defendant-appellant's contention, there is nothing in the letter agreement between it and plaintiff to indicate that start-up costs of the venture were to be deducted from defendant-appellant's net profits, upon which plaintiff's compensation was based.

Defendant-appellant's attempt to vary or contradict the clear language of the agreement, therefore, was properly rejected (see, W.W.W. Assocs. v Giancontieri, 77 NY2d 157, 162). Concur—Sullivan, J. P., Rosenberger, Ellerin and Wallach, JJ.