■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

REGINALD HOWARD, Appellant. [606 NYS2d 703] —Judgment, Supreme Court, New York County (Alvin Schlesinger, J.), rendered June 25, 1991, convicting defendant, after a jury trial, of grand larceny in the fourth degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

The hearing court properly denied suppression of the recovered money and the statements made by defendant as probable cause existed for his arrest. Indeed, not only did one officer inform his partner (the arresting officer) that he saw defendant commit the crime, the arresting officer himself saw defendant flee from the scene while being chased by an unidentified individual and then saw defendant counting the money he had apparently taken from the victim *(see, People v Petralia,* 62 NY2d 47, 51-52, *cert denied* 469 US 852).

Defendant's belated request for a missing witness charge with respect to the victim was unfounded. Defendant, who waited until the close of the evidence to ask for the charge *(see, People v Gayle,* 162 AD2d 261, 262, *lv denied* 76 NY2d 857), failed to demonstrate that the victim was available to the People and that he possessed noncumulative material information favorable to defendant *(cf., People v Kitching,* 78 NY2d 532).

Finally, defendant's claim concerning the failure of the court to obtain his consent before it permitted several sworn jurors to leave the courtroom while the voir dire process continued (CPL 270.15 [3]), is unpreserved *(see, People v Ortiz,* 69 AD2d 825). Were we to review the claim in the interest of justice, we would find it to be meritless. Indeed, since defendant can demonstrate "no real prejudice sustained by [him] through the absence of the sworn jurors," any such error was harmless *(People v Cassado,* 156 AD2d 183, *lv denied* 75 NY2d 917). Concur—Sullivan, J. P., Carro, Wallach, Kupferman and Tom, JJ.