■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NOEL CRUZ, Appellant. [612 NYS2d 35] —Judgment, Supreme Court, Bronx County (William Wallace, III, J.), rendered April 27, 1992, convicting defendant, after jury trial, of criminal sale and possession of a controlled substance in the third degree and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years, unanimously affirmed.

Viewing the evidence in the light most favorable to the People and giving them the benefit of every reasonable inference, the People's evidence clearly established defendant's guilt beyond a reasonable doubt (People v Malizia, 62 NY2d 755, cert denied 469 US 932). The evidence established that defendant acted in concert with his three codefendants (Penal Law § 20.00), and that the undercover was brought to defendant and an accomplice; that defendant was present while the sale was negotiated; that defendant was directed and agreed to act as lookout; and that the exchange of heroin occurred when defendant signaled that there were no police in the vicinity.

As the finders of the fact, the jury, whose resolution of issues of credibility is entitled to great deference (People v

*Bleakley,* 69 NY2d 490, 495), reasonably chose to credit the testimony of the undercover officer that was more detailed than his Grand Jury testimony or buy report and reject defendant's claim of recent fabrication *(see, People v Bristol,* 187 AD2d 403, *lv denied* 81 NY2d 785).

Defendant's sentence, which was six months more than the mandatory minimum allowed, was not excessive and we decline to reduce it.

Finally, defendant's claim that the court violated the jury selection procedures mandated by CPL 270.15 (3) in excusing sworn jurors from the courtroom without defendant's consent while the voir dire continued is unpreserved *(People v Howard,* 200 AD2d 538), and we decline to review it in the interest of justice. Were we to review we would find that the absence of the jurors caused defendant " 'no real prejudice'," and therefore does not warrant a new trial *(supra,* at 539, quoting *People v Cassado,* 156 AD2d 183, *lv denied* 75 NY2d 917). Concur—Carro, J. P., Wallach, Asch, Nardelli and Williams, JJ.