OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
The dispositive issue is whether the trial court’s denial of the requested missing witness instruction is reversible error under the facts and circumstances of this case applying our standard rubrics. At trial, defendant Ortiz joined in a request for an adverse inference instruction as to a nontestifying police officer, who was in a car near the scene of the buy-and-bust criminal drug transaction that led to the arrest and conviction. The undercover officer who actually engaged in the drug sale and the arresting officer testified concerning identification aspects of the case. The jury convicted defendant, the Appellate Division affirmed the judgment, and a Judge of this Court granted leave to appeal. We now affirm, because on this record it was not unreasonable for the trial court to refuse to give the requested instruction on the ground that the nontestifying undercover officer’s testimony would have added only cumulative evidence. *991 Defendant Ortiz and a codefendant were arrested after an ordinary buy-and-bust drug transaction in The Bronx. At trial, the purchasing undercover officer testified that he was part of a police team sent to East 153rd Street and Melrose Avenue, a drug-prone location. It was 2:55 p.m. on a sunny August day. The officer left his partner in an unmarked car and walked some 50 feet to the corner, when the codefendant yelled out, "Blue Tops.” The officer responded, "Let me get two,” at which point two blue vials of cocaine were produced from the codefendant’s pocket. He gave them to defendant Ortiz, who passed them along to the officer, who paid Ortiz in prerecorded buy money. Upon notification by the purchasing officer, a back-up team closed in and made the arrest.
The trial court weighed the entire proof from the People in rendering its instruction ruling. That court did not commit any error or shift any burdens with respect to this ruling. The record justifies the inferences and conclusions drawn by the trial court to support its well-informed and supportable denial of the requested instruction (People v Gonzalez, 68 NY2d 424, 430; People v Macana, 84 NY2d 173, 177 [decided today]).
Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
Order affirmed in a memorandum.