■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUY JOHNSON, Appellant. [619 NYS2d 452] —Judgment unanimously affirmed. Memorandum: Supreme Court properly denied defendant's motion to dismiss the indictment on speedy trial grounds (see, CPL 30.30). Although the People requested a one-week adjournment due to the unavailability of a witness, the subsequent 53-day delay until commencement of the trial is not chargeable to the People because it was occasioned by the unavailability of the court due to court congestion (see, People v Anderson, 66 NY2d 529, 535-536; People v Giordano, 56 NY2d 524, affg 81 AD2d 1003; People v Taverez, 147 AD2d 355, 356, lv denied 73 NY2d 1022). Thus, the record establishes that the period of time chargeable to the People is less than six months.

The court properly denied defendant's request for a missing witness charge based on the People's failure to call a police officer who was near the location where an undercover officer purchased cocaine from defendant (see, People v Ortiz, 83 NY2d 989, 990). The People established that the testimony of the police officer would have been cumulative and that he was unavailable because he was recovering from a gunshot wound (see, People v Gonzalez, 68 NY2d 424, 428; People v DeJesus, 190 AD2d 1012, 1014, lv denied 81 NY2d 969).

Lastly, we reject defendant's contention that the court committed reversible error in its charge to the jury on circumstantial evidence and reasonable doubt (see, People v Miller, 194 AD2d 230, lv denied 83 NY2d 913). (Appeal from Judgment of Supreme Court, Monroe County, Harvey, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Pine, J. P., Lawton, Fallon, Davis and Boehm, JJ.