■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OSCAR M. CAMILO, Appellant. (Appeal No. 2.) [738 NYS2d 279] —Appeal from a judgment of Oswego County Court (Hafner, Jr., J.), entered August 16, 1999, convicting defendant upon his plea of guilty of robbery in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Same memorandum as in *People v Camilo* (291 AD2d 858 [decided herewith]). Present—Green, J.P., Wisner, Scudder, Gorski and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY GAYLE, Appellant. [737 NYS2d 188] —Appeal from a judgment of Supreme Court, Monroe County (Mark, J.), entered January 4, 2000, convicting defendant after a jury trial of, inter alia, criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Contrary to the contention of defendant, he was not denied his statutory right to a speedy trial (*see,* CPL 30.30). Although the People requested a one-week adjournment due to the unavailability of a key witness, the subsequent 79-day delay is not chargeable to the People because it was occasioned by the unavailability of the court due to court congestion (*see, People v Johnson,* 209 AD2d 986, *lv denied* 84 NY2d 1033). Thus, the record establishes that the period of time chargeable to the People is less than six months. Supreme Court properly denied defendant's request for a missing witness charge with respect to several police officers who were involved in the surveillance of defendant. The testimony of those officers would have been cumulative to the testimony of those officers who testified at trial (*see, People v Macana,* 84 NY2d 173, 177), and in any event the record does not support defendant's contention that the officers would have testified in accordance with his legal theory (*see, People v Schiano,* 198 AD2d 820, *lv denied* 82 NY2d 930). The sentence is not unduly harsh or severe. Present—Green, J.P., Wisner, Scudder, Gorski and Lawton, JJ.