*19 OPINION OF THE COURT
Memorandum.
Judgments of conviction unanimously reversed on the law and facts, and as a matter of discretion in the interest of justice, and accusatory instruments dismissed.
In this case, a sharp factual dispute was presented between the testimony of one of two arresting officers and that of the defendant. Defense counsel made a timely request for a missing witness charge as to the failure of the People to produce the second arresting officer. After hearing argument, and based on the assertions of the prosecutor, who allegedly spoke to the second officer at home, the court denied the request stating that while defendant made a prima facie showing that the testimony of the second officer would be material and noncumulative, the People established that the witness was “unavailable” due to a knee injury.
The threshold question presented is whether the testimony of the missing witness was material and noncumulative. In People v Buckler (39 NY2d 895, 897), the Court stated:
“Nor was it essential, as the defendant asserts, for the People to produce both detectives who witnessed the confession. It is not incumbent upon the prosecution ‘to call at trial, every witness to a crime or to make a complete and detailed accounting to the defense of all law enforcement investigatory work’ (People v Stridiron, 33 NY2d 287, 292). Here, as in the Stridiron case, there was no showing that the uncalled witness would have given different testimony.”
In People v Fields (76 NY2d 761, 763), the Court distinguished the Buckler case and noted that the defendant was entitled to a missing witness charge, but held that the failure to call the second officer was harmless error. The Court stated:
“Under these facts, we conclude that defendant was entitled to a missing witness charge, but only as to Detective Ruvio who was present during the entire interrogation. There is no question that the testimony regarding defendant’s inculpatory statements involved material issues in the case and that Ruvio, as a police officer, would have been expected to testify favorably to the People. Thus, there was a prima facie showing of entitlement to the charge.
“To defeat this showing, the People contend, and *20 the lower courts concluded, that Detective Ruvio’s testimony would have been merely cumulative. We disagree. This case is unlike People v Buckler (39 NY2d 895), upon which the People and the Appellate Division rely, where ‘there was no showing that the uncalled witness would have given different testimony.’ (Id., at 897.) Here, to the contrary, there was evidence that if Ruvio were called, his testimony would have been inconsistent with D’Ambrosio’s testimony. In addition to the other noted inconsistencies with the trial testimony and the pretrial accounts of the interrogation, the written police reports prepared by Ruvio were inconsistent with the trial testimony.”
In our opinion, the lower court correctly concluded that the testimony of the second arresting officer was material and would not have been cumulative. In People v Wright (41 NY2d 172, 176), proof of defendant’s commission of the crime depended on the testimony of Patrolman Anderson. Patrolman Balf acted jointly with Anderson but was not called as a witness by the People. The Court held that “particularly the impeaching and uncertainties [that] developed on the cross-examination of Anderson, Balfs testimony would not have been cumulative or trivial (see, People v Brown, 34 NY2d 658).” (Id.) In People v Samuels (59 AD2d 574, 575), the Court held that in a case of a “stark factual issue,” the testimony of an officer present at the scene was required and the missing witness charge should have been given. In People v Roberts (187 AD2d 615, 616-617), there was a sharp issue of fact and the Court held that two officers present at the scene, in a position to observe what transpired, were required to be produced as witnesses and thus the missing witness charge should have been given.
Under the facts of the case at bar, the People were obliged to produce Officer Nicholas since his testimony was material and noncumulative, and thus a missing witness charge should have been given unless the witness was “unavailable.”
In People v Gonzalez (68 NY2d 424, 428), the Court stated:
“It is to be emphasized that the ‘availability’ of a witness is a separate consideration from that of ‘control’. ‘Availability’ simply refers to the party’s ability to produce such witness. Surely, it would be unfair as well as illogical to allow a jury to draw an adverse inference from the failure of the party to call a witness when the party is unable to do so *21 (see, 2 Wigmore, op. cit., at 199). So that, if the party opposing the charge can demonstrate, for example, that the witness’ whereabouts are unknown and that diligent efforts to locate him have been unsuccessful [citing cases]; or that the witness is ill or incapacitated (Reehil v Fraas, 129 App Div 563, 567, supra), the charge should not be given for the inference that the witness has not been called because of his anticipated unfavorable testimony has been negated.”
There is a dearth of case law as to what quantum of proof is required to establish that a witness is unavailable. In People v Flowers (275 AD2d 329, 330), the Court-held that: “[t]he defendant was not entitled to a missing witness charge with respect to one of the victims. A paralegal from the Brooklyn District Attorney’s Office gave detailed testimony regarding her diligent but fruitless efforts to locate that victim.” (Emphasis added.) The Court concluded that the witness was unavailable and that in any event, the testimony would have been cumulative (see, People v Johnson, 209 AD2d 986). However, in People v Robertson (205 AD2d 243, 246), the issue was whether a missing witness charge as to two cousins of the victim should have been given. The Court held that the People never identified the diligent efforts made to locate the cousins and that the “trial court merely accepted the prosecutor’s unsupported claim and cut short defense counsel’s cross-examination, preventing him from laying any foundation at all with respect to [the cousin].” Finally, in People v Gladden (180 AD2d 747, 748), the Court held that “the prosecutor’s bare assertion that he had been told that the officer was on vacation was insufficient to demonstrate that the witness was beyond the power of the People to produce or otherwise unavailable due to illness or incapacity.”
In our opinion, the cases cited above call for the conclusion that the People failed to establish the “unavailability” of the witness in question. Before the People can rely on a claim of “unavailability,” something more is required than the mere statement of the prosecutor that, after speaking to the officer, he concluded that the witness was unable to testify. Accordingly, defendant was entitled to a missing witness charge.
Inasmuch as defendant has served his sentences, we do not order a new trial of the charges but dismiss them (see, People v Flynn, 79 NY2d 879, 882).
Floyd, P.J., Doyle and Winick, JJ., concur.