THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN FIGUEROA, JR., Appellant. [788 NYS2d 772]—

Appeal from a judgment of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), rendered February 11, 2003. The judgment convicted defendant, upon a jury verdict, of sodomy in the first degree, sodomy in the second degree and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of sodomy in the first degree (Penal Law former § 130.50 [1]), sodomy in the second degree (former § 130.45) and endangering the welfare of a child (§ 260.10 [1]) based upon his sexual abuse of his stepdaughter. Contrary to the contention of defendant, he was not denied his statutory right to a speedy trial (*see* CPL 30.30). The record establishes that the People requested a one-week adjournment following their announcement of readiness for trial, and the remainder of the postreadiness delay of over two months is not chargeable to the People "because it was occasioned by the unavailability of [Supreme Court] due to court congestion" (*People v Gayle*, 291 AD2d 859, 859 [2002], *lv denied* 98 NY2d 637 [2002]). Thus, the record establishes that the total period of time chargeable to the People is less than six months.

Defendant concedes that he failed to preserve for our review his contention that the testimony of the Medicaid worker to whom the victim initially complained impermissibly bolstered the testimony of the victim and thus that the court erred in admitting that testimony. He contends, however, that the court sua sponte should have issued a limiting instruction. We reject that contention. Although "[a] witness' trial testimony ordinarily may not be bolstered with pretrial statements . . . , evidence that a victim of sexual assault promptly complained about the incident is admissible to corroborate the allegation that an assault took place" (*People v McDaniel*, 81 NY2d 10, 16 [1993]). Here, the witness properly testified "only [with respect to] the fact of [the] complaint, not its . . . details" (*id.* at 17). Defendant also failed to preserve for our review his contention that a *Molineux* violation occurred (*see* CPL 470.05 [2]). In any event, that contention lacks merit, inasmuch as the evidence at issue related directly to a crime charged herein, i.e., course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [a]; *see generally People v Molineux*, 168 NY 264, 291-294 [1901]). Present—Pigott, Jr., P.J., Hurlbutt, Gorski, Pine and Hayes, JJ.