█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT R. HICKS, Appellant. [930 NYS2d 658]—

The defendant's contention that the evidence was legally insufficient to support his conviction of burglary in the first degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 491-492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that the defendant's confession along with, inter alia, the DNA evidence recovered near the scene of the crime, was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Cartwright*, 61 AD3d 695, 695-696 [2009]). Additionally, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless ac-

cord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that the jury verdict was repugnant is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Satloff*, 56 NY2d 745 [1982]), and, in any event, is without merit. A guilty verdict as to a particular count will not be set aside on the ground that a repugnant verdict has been rendered unless, when viewed in light of the elements of the crimes as charged to the jury, the defendant's acquittal on one or more counts necessarily negated an essential element of the count of which he or she was convicted (*see People v Goodfriend*, 64 NY2d 695, 697 [1984]; *People v Tucker*, 55 NY2d 1, 7 [1981]). Here, the defendant's acquittal of burglary in the first degree under Penal Law § 140.30 (1) and criminal possession of a weapon in the second degree under Penal Law § 265.03, both of which require possession of a firearm, did not necessarily negate an element of the crime of which he was convicted, burglary in the first degree under Penal Law § 140.30 (4), which requires only the display of "what appears to be" a firearm.

Contrary to the defendant's contention, the County Court properly denied his motion for a mistrial on the ground of juror misconduct. The record does not support the defendant's contention that the subject juror injected into the deliberations any specialized assessment not within the common ken of juror experience and knowledge (*see* CPL 280.10; *People v Davis*, 86 AD3d 59, 65-66 [2011], *lv denied* 17 NY3d 805 [2011]; *People v Santi*, 308 AD2d 464, 465 [2003], *affd* 3 NY3d 234 [2004]).

The defendant contends that his state and federal constitutional rights to confront witnesses were violated when the County Court limited his cross-examination of a complainant concerning that complainant's subsequent plea of guilty to an unrelated narcotics felony. The defendant's counsel attempted to establish that the complainant had a motive to fabricate his testimony in this case in order to receive favorable treatment in his narcotics case. While proof aimed at establishing a motive to fabricate is never collateral and may not be precluded on that ground, the trial court may, in the exercise of its discretion, properly limit such cross-examination where it is too remote and speculative to establish a motive to fabricate (*see People v Mestres*, 41 AD3d 618 [2007]; *People v Pereda*, 200 AD2d 774 [1994]). Cross-examination aimed at establishing a motive to

fabricate must proceed on some good faith basis (*see People v Garcia*, 47 AD3d 830, 831 [2008]). Here, the complainant testified on direct examination that the District Attorney's Office denied his request for favorable treatment on his narcotics case in exchange for his testimony in this case. On cross-examination, defense counsel was permitted to inquire as to the details of the complainant's negotiated plea agreement in the narcotics case, including the charges against him, the single charge to which he was permitted to plead guilty, and the ultimate sentence. At a sidebar, defense counsel contended generally that he should be allowed further inquiry into the complainant's testimony about a denial of favorable treatment, but did not specify the questions he wished to ask or otherwise articulate his intended goal in further cross-examination. The County Court providently denied this request, since any further cross-examination of the complainant on this limited issue would have been repetitive and speculative (*id.* at 831; *see People v Mestres*, 41 AD3d at 618).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contention is without merit. Angiolillo, J.P., Dickerson, Chambers and Lott, JJ., concur.