People v Robinson (2018 NY Slip Op 02813)





People v Robinson


2018 NY Slip Op 02813


Decided on April 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2013-11123
 (Ind. No. 2056/12)

[*1]The People of the State of New York, respondent,
v
Joseph Robinson, appellant.


Paul Skip Laisure, New York, NY (Tammy E. Linn of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, William H. Branigan, and Josette Simmons McGhee of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Ronald D. Hollie, J.), rendered December 3, 2013, convicting him of criminal possession of a weapon in the second degree, attempted criminal sale of a firearm in the third degree, and false personation, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the Supreme Court properly concluded that the People established probable cause to arrest the defendant (see People v Gayden, 28 NY3d 1035, 1037; People v Jackson, 249 AD2d 327, 327; People v Lowe, 237 AD2d 903, 904; People v Irizarry, 203 AD2d 11, affd 84 NY2d 854; People v Harrington, 193 AD2d 756; cf. People v Reyes, 83 NY2d 945, 946). Accordingly, the court properly denied that branch of the defendant's omnibus motion which was to suppress the physical evidence recovered.
The defendant's contention that he was denied his constitutional rights to confront witnesses and present a defense because the Supreme Court limited his cross-examination of the confidential informant is unpreserved for appellate review (see People v Simmons, 106 AD3d 1115, 1116). In any event, the court did not improvidently exercise its discretion in limiting the defendant's cross-examination of this witness (see People v Hicks, 88 AD3d 817, 818). The defendant lacked a good faith basis to question this witness on the existence of a cooperation agreement, and the court allowed the defendant sufficient inquiry into this witness's "motive to curry favor with" the People (People v Chin, 67 NY2d 22, 30; see People v Hicks, 88 AD3d at 818-819).
The defendant's arguments regarding the prosecutor's opening statement and summation are not fully preserved for appellate review, as he did not object to most of the allegedly improper comments and did not request a curative instruction or move for a mistrial when the Supreme Court sustained an objection that he did raise (see CPL 470.05[2]; People v Parker-Davidson, 89 AD3d 1114; People v Malave, 7 AD3d 542). In any event, the prosecutor's remarks [*2]did not deprive the defendant of a fair trial. Finally, contrary to the defendant's contention, defense counsel's failure to object to the prosecutor's comments, without more, did not constitute ineffective assistance of counsel under the circumstances presented, as the defendant failed to demonstrate the absence of strategic or other legitimate explanations for counsel's alleged shortcomings (see People v Taylor, 1 NY3d 174, 176; People v Gonzalez, 44 AD3d 790, 791).
DILLON, J.P., LEVENTHAL, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court