People v Jones (2020 NY Slip Op 03406)





People v Jones


2020 NY Slip Op 03406


Decided on June 17, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
BETSY BARROS, JJ.


2017-12125
 (Ind. No. 196/16)

[*1]The People of the State of New York, respondent,
v
Shaking Jones, appellant.


Paul Skip Laisure, New York, NY (Melissa Lee of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Ellen C. Abbot, and Charles T. Pollak of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Richard L. Buchter, J.), rendered October 16, 2017, convicting him of predatory sexual assault against a child, course of sexual conduct against a child in the first degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is modified, on the law, by vacating the conviction of course of sexual conduct against a child in the first degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Defense counsel was not ineffective for failing to request a missing witness charge. The proponent of a missing witness charge has the initial burden of demonstrating " (1) that there is an uncalled witness believed to be knowledgeable about a material issue pending in the case, (2) that such witness can be expected to testify favorably to the opposing party, and (3) that such party has failed to call the witness to testify'" (People v Arcila, 177 AD3d 585, 586-587, quoting People v Smith, 33 NY3d 454, 458-459 [internal quotation marks omitted]; see People v Gladden, 180 AD2d 747, 747). When this burden is met, the opposing party can defeat the proponent's initial showing by accounting for the witness's absence or by otherwise explaining why the charge would be inappropriate (see People v Arcila, 177 AD3d at 587; People v Gladden, 180 AD2d at 747-748). "This burden can be met by demonstrating that the witness is not knowledgeable about the issue, that the issue is not material or relevant, that although the issue is material or relevant, the testimony would be cumulative to other evidence, that the witness is not available', or that the witness is not under the party's control' such that [the witness] would not be expected to testify in his or her favor" (People v Gonzalez, 68 NY2d 424, 428; see People v Smith, 33 NY3d at 458; People v Rodriguez, 153 AD2d 703, 703). Here, defense counsel likely would have been unsuccessful in requesting a missing witness charge for the complainant's brother, as there was no evidence that the [*2]brother was knowledgeable about whether the complainant was being abused, and any testimony the brother could have offered would have been, at best, cumulative to the complainant's testimony (see People v Arcila, 177 AD3d at 587; People v Leftenant, 173 AD3d 1211, 1212). Because the request likely would have been unsuccessful, defense counsel cannot be faulted for failing to make the request (see People v Leftenant, 173 AD3d at 1212). It also cannot be said that failing to make the request was without legitimate strategy (see People v Shepard, 171 AD3d 951, 952). The People, in response to a request for a missing witness charge, could have moved to reopen their case and called the brother as a witness, who, in turn, may have corroborated portions of the complainant's testimony. It was a legitimate strategy to avoid this potential outcome since the defense case was aimed entirely at discrediting the complainant. We also note that comments by defense counsel on summation invited the jury to infer that the brother's testimony would have been damaging to the People's case (see People v Williams, 5 NY3d 732, 734; People v Grant, 170 AD3d 888, 890).
The defendant contends that his constitutional right to a fair trial was violated when the Supreme Court limited his cross-examination of the complainant, which, he claims, precluded him from eliciting evidence of the complainant's motive to lie. This contention is unpreserved for appellate review (see CPL 470.05[2]; People v Perez-Rodriguez, 166 AD3d 659, 660) and, in any event, without merit. "The trial court has broad discretion to limit the scope of cross-examination when the questions are irrelevant or only marginally relevant, concern collateral issues, or pose a danger of misleading the jury" (People v Francisco, 44 AD3d 870, 870; see People v Gittens, 178 AD3d 1070, 1071). Nevertheless, "[p]roof aimed at establishing a motive to fabricate is never collateral and may not be excluded on that ground, but examination of witnesses to establish such a motive must proceed upon some good-faith basis," and a trial court may, in the exercise of its discretion, properly exclude such proof where it is too remote or speculative (People v Ocampo, 28 AD3d 684, 685; see People v Hicks, 88 AD3d 817, 818). Here, the court properly limited defense counsel's questioning of the complainant to avoid inquiry into a speculative and remote matter (see People v Wright, 160 AD3d 667, 670). In addition, we note that defense counsel never stated that his goal in pursuing this line of questioning was to establish a motive to lie (see People v Hicks, 88 AD3d at 818).
As the People concede, the defendant's conviction of course of sexual conduct against a child in the first degree under Penal Law § 130.75(1)(a) must be vacated and that count of the indictment dismissed, since that count is a lesser included offense of the crime of predatory sexual assault against a child under Penal Law § 130.96 (see People v Grier, 37 NY2d 847, 848; People v Beauharnois, 64 AD3d 996, 1000-1001).
The sentences imposed on the remaining convictions were not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., COHEN, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court